IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 1:21-cv-00049-MAK |
| ) | |
| TRIMONT GLOBAL REAL ESTATE ) | |
| ADVISORS LLC and TRIMONT ) | |
| REAL ESTATE ADVISORS LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants Trimont Global Real Estate Advisors, LLC ("Trimont Global") and Trimont Real Estate Advisors, LLC ("TREA"), submit this Memorandum of Law in Support of their Motion for Judgment as a Matter of Law as to all counts of Plaintiff's Complaint.

**BACKGROUND**

1. Plaintiff's case in chief is now closed and he has failed to prove the following elements of his case as a matter of law:

    a. Plaintiff has failed to adduce any evidence of TREA's liability in this matter, because TREA is not a party to the contract upon which Plaintiff has sued;

    b. Plaintiff has failed to demonstrate that Trimont Global may be liable on Plaintiff's theories because the Board of Trimont Global's determination that "cause" existed was "final, binding, and conclusive," and Plaintiff has failed to demonstrate that determination was the result of bad faith or fraud.

    c. Plaintiff has failed to produce *any* evidence sufficient to submit any specific amount of damages to the Court.

2. Plaintiff brought this action against Trimont Global and TREA. *See* Complaint,

JX-81.  The Complaint contains three causes of action, all of which are for breach of contract for the alleged breach of three agreements, the First Amended and Restated Trimont Global Real Estate Advisors, LLC Class A Units Management Phantom Profits Interest Plan, the First Amended and Restated Trimont Global Real Estate Advisors, LLC Class B Units Management Phantom Profits Interest Plan, and the First Amended and Restated Trimont Global Real Estate Advisors, LLC Class C Units Management Phantom Profits Interest Plan (collectively, the "Unit Plans").  Plaintiff generally alleges that TREA and Global breached the agreements by failing to provide him with the value of his Class A, B, and C Units.

3. This matter centers on whether Miller was terminated for "cause" as that term is defined in the Agreements.  That definition is, in relevant part:

> "Cause" […] (B) in the case of any other Participant, means, as determined by the Committee, the Participant's (i) willful misconduct or gross negligence in the performance of his or her duties, or Injurious Conduct; […] or (v) other material willful misconduct by which could reasonably be expected to be substantially injurious to the financial condition or business reputation of the Company of any of its Subsidiaries (it being understood that the good faith performance by the Participant of an act at the specific request of a employee senior to the Participant will not constitute "misconduct" for purposes of this clause (v)).

4. "Committee" under the Agreements is defined in relevant part as:

> "Committee" means the Operating Committee of the Company, as appointed by the Board or, if the Operating Committee ceases to exist and no successor committee has been appointed by the Board as the Committee to administer the Plan, the Board.

5. The "Forfeiture" provisions under the Agreements provide in relevant part as follows:

> i. in the event of the Participant's Termination by the Company or any of its Subsidiaries for Cause, the Participant shall automatically and immediately forfeit all Units granted to the Participant under this Award Agreement, including any undistributed Reduction Amounts (as defined

        below) attributable to such Units;

6.     The "Administration" provisions under the Agreement provide in relevant part as follows:

> The Committee shall have the power to adopt rules for carrying out the Plan and to make changes to such rules as it shall, from time to time, deem advisable. The Committee shall have the full and final authority in its sole discretion to interpret the provisions of the Plan and to decide all questions of fact arising in the application of the Plan's provisions, and to make all determinations necessary or advisable for the administration of the Plan. Any interpretation by the Committee of the terms and provisions of the Plan and the administration thereof, and all actions taken by the Committee, shall be final, binding, and conclusive for all purposes and upon all Persons.

7.     During Plaintiff's case in chief, plaintiff did not present evidence of any alternative valuation his Class A, B, or C, Units.

8.     Plaintiff further did not adduce evidence that the decision of the Board of Trimont Global was made in bad faith or in a fraudulent manner.

## STANDARD OF REVIEW

9.     Federal Rule of Civil Procedure 50(a)(1) "authorizes the court to consider a motion for judgment as a matter of law as soon as a party has completed a presentation on a fact essential to that party's case." *Foster v. Nat'l Fuel Gas Co.*, 316 F.3d 424, 429 n.2 (3d Cir. 2003). "Such early action is appropriate when economy and expedition will be served." *Id.* "[T]he District Court should enter judgment as a matter of law '[i]f during the trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" *Buskirk v. Apollo Metals*, 307 F.3d 160, 171 (3d Cir. 2002)(internal quotation marks omitted).

10.    Courts may grant motions filed pursuant to Rule 50(a)(1) where there is not a "legally sufficient evidentiary basis" to support the non-moving party's claim. *Foster*, 316 F.3d

3

at 428.  "The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party."  *Id.* (internal citation omitted).  The mere insistence that factual issues exist cannot defeat a motion for judgment as a matter of law where the evidence actually adduced at trial "will reasonably support only one conclusion."  *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 88 (3d Cir. 2000)(*citing McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 356 (1991)).  Here, for the reasons detailed below, there is no legally sufficient basis for a reasonable jury to find for Plaintiff in this case.

11. In drafting Rule 50, the advisory committee sought to ensure that the court "perform[ed] its duty to enter judgment as a matter of law at any time during the trial, as soon as it is apparent that either party is unable to carry a burden of proof that is essential to that party's case."  1991 Advisory Comm. Notes to Rule 50.  As the following analysis indicates, the evidence at trial is such that this Court should exercise its mandate and enter judgment in favor of Defendants as it is apparent Plaintiff is unable to carry his burden of proof.

## ARGUMENT

12. Plaintiff's case in chief now closed, the Court should enter judgment as a matter of law in favor of Defendants.  Reviewing the evidence propounded, and testimony elicited, during trial, the only reasonable conclusion to be reached is that Plaintiff has failed to meet his burden of proof on his claims.

13. To wit, Plaintiff cannot meet his burden of proof as against TREA as he has failed to produce evidence showing TREA is a party to the Unit Agreements.  TREA therefore cannot be liable on those Unit Agreements. Further, Trimont Global cannot be held liable for a breach of contract as the evidence shows the Board's decision is "final, binding, and conclusive" and that

Plaintiff is unable to Challenge its Administration of the Agreements and, further, Plaintiff has failed to demonstrate the necessary elements to prevail on his claims. Were this not enough, any claim with respect to damages raised by Plaintiff fails as a matter of law. Not only has Plaintiff failed to elicit *any* expert testimony establishing an alternative value of the Marks, but he has also failed to adduce evidence competent to contest the valuation and is unable to contest the valuation because they represent the value of his bargain.

## TREA IS NOT A PARTY TO THE UNIT AGREEMENTS AND MUST BE INVOLUNTARILY DISMISSED

14.     Judgment as a matter of law in favor of TREA is appropriate in this case. TREA is not a party to the Agreements and cannot be held liable under them under Delaware law. It is axiomatic that Delaware does not recognize breach of contract claims against non-parties to a contract. *See In re Kinder Morgan, Inc. Corporate Reorganization Litig.*, 2015 WL 4975270, at *5 (Del. Ch. Aug. 20, 2015)("[O]nly a party to a contract may be sued for breach of that contract."); *see also Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 172 (Del. 2002)("It is a general principle of contract law that only a party to a contract may be sued for breach of that contract.")(*citing Wallace v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999)). Furthermore, Delaware Courts have consistently held that as "a general principle of contract law that only a party to a contract may be sued for breach of that contract." *Wallace ex rel. Cencom Cable Income Partners II, L.P. v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999).

15.     In order to prove a claim for breach of contract, Delaware law requires that a plaintiff demonstrate "(1) a contractual obligation; (2) a breach of that obligation; and (3) resulting damages." *Interim Healthcare, Inc. v. Spherion Corp.*, 884 A.2d 513, 548 (Del. Super. 2005); *see also Avaya Inc., RP v. Telecom Labs, Inc.*, 838 F.3d 354, 389 (3d Cir. 2016)("In Delaware, the elements of a breach of contract claim are: '[1] the existence of the contract, whether express or

implied; [2] the breach of an obligation imposed by that contract; and [3] the resultant damage to the plaintiff.'"). Judgment as a matter of law in favor of Defendants is warranted here as the Plaintiff is unable to establish a case of breach of contract under the facts as alleged.

16.     Plaintiff has failed to elicit any evidence that would support the supposition that TREA is a party under the Agreements on which Plaintiff has sued and, therefore, TREA cannot be held liable under Delaware law.

### THE CLAIMS AGAINST TRIMONT GLOBAL FAIL BECAUSE PLAINTIFF HAS NOT DEMONSTRATED IT ACTED IN BAD FAITH OR FRAUDULENTLY IN TERMINATING MR. MILLER FOR "CAUSE"

17.     Under the Agreements underlying Plaintiff's causes of action, the decisions of the Board in administrating the program are final, binding, and conclusive. Because Plaintiff has failed to adduce any evidence showing Trimont Global acted in bad faith or fraudulently, he is bound by the terms of the Agreements and he cannot establish a claim for breach of contract.

18.     Delaware law is clear that where an agreement provides for "final, binding and conclusive authority" to be vested in a committee, a "decision made in accordance with the provisions of the agreement will not be second guessed by the Court absent a showing of fraud or bad faith." *W.R. Berkley Corp. v. Hall,* 2005 WL 406348, *4 (Del. Super. 2005); *see also Schwartz v. Century Circuit, Inc.,* 163 A.2d 793 (Del. Ch. 1960)(Committee's finding of gross negligence and forfeiture of shares under a profit-sharing plan, that provided, "the decision of the committee, […], shall be binding, final and conclusive upon all parties concerned," would not be disturbed "in the absence of fraud, bad faith and the like."); *Maher v. N.E.C.A. Local Union No. 313 I.B.E.W Pension Trust Fund,* 1978 WL 4954, at *2 (Del. Ch. 1978)("Private pension and retirement plans frequently provide that a designated officer, committee, or board shall have discretion to conclusively determine eligibility for benefits under the plan. It is generally held that in the absence

of fraud or bad faith, such grants of discretionary authority are effective and binding upon persons claiming benefits and the decision of the designated authority is not reviewable."); *Gilbert v. El Paso Co.,* 490 A.2d 1050 (Del. Ch. 1984); *McIntyre v. Philadelphia Suburban Corp.,* 90 F.Supp.2d 596 (E.D.Pa. 2000); *Brozo v. Oracle Corp.,* 324 F.3d 661, 667 (8th Cir. 2003).

19. There is no disputing that there is a provision in the Agreements providing that the Board's decision is "final, binding, and conclusive." Specifically, the "Administration" provision of the Agreements provides in relevant part that:

> The Committee shall have the power to adopt rules for carrying out the Plan and to make changes to such rules as it shall, from time to time, deem advisable. The Committee shall have the full and final authority in its sole discretion to interpret the provisions of the Plan and to decide all questions of fact arising in the application of the Plan's provisions, and to make all determinations necessary or advisable for the administration of the Plan. **Any interpretation by the Committee of the terms and provisions of the Plan and the administration thereof, and all actions taken by the Committee, shall be final, binding, and conclusive for all purposes and upon all Persons.**

(emphasis supplied).

20. The only conceivable issue, therefore, to be determined in this case is whether the Defendants acted in bad faith. Plaintiff has failed to elicit any evidence in this trial that would suggest Defendants acted in bad faith, and the case law outlining bad faith is demonstrative. Indeed, in order to prove bad faith, a Plaintiff must demonstrate that the Defendants "had a dishonest purpose or a state of mind affirmatively operating with furtive design or ill will." *Brittingham v. Bd. Of Adjustment of City of Rehoboth Beach,* 2005 WL 1653979, at *2 (Del. Super. Ct. Apr. 26, 2005).

21. Plaintiff has failed to demonstrate that the Board of Trimont Global acted "with a dishonest purpose," "furtive design," or "ill will," and Trimont Global is therefore entitled to

judgment as a matter of law on Plaintiff's claims.

## JUDGMENT AS A MATTER OF LAW IS APPROPRIATE AS TO PLAINTIFF'S DAMAGES AND, SPECIFICALLY, THE VALUATION OF THE MARKS

22. As demonstrated, a key portion of the valuation of the formulas for the value of Plaintiff's Units are the Värde Internal Mark and Adjusted Värde Internal Mark (the "Marks"). *See e.g.,* JX 3, p. 6. Essentially, the Marks, which are calculated by Värde and supplied to Trimont, form the basis of the value of Plaintiff's Units. *Id*. at pp. 6, 1. Plaintiff has not presented evidence at trial sufficient to submit alternative values of the Marks, and therefore to submit alternate values of his Units.

23. It is black letter law that a witness who is not testifying as an expert may not present opinion testimony based on "scientific, technical, or other specialized knowledge." *See* F.R.E. 701.

24. Plaintiff did not present a witness during his case in chief that had personal knowledge of the calculation of the Marks and did not present an expert witness on the topic. While Plaintiff attempted to opine as to the value of the Marks and his Units, he was appropriately not allowed to do so on F.R.E. 701. Plaintiff therefore cannot present evidence of any alternative value of his Marks and therefore, the Units.

25. Plaintiff also cannot contest the value of the Marks because constitute the benefit is his bargain in signing onto the Agreements. The Värde Internal Mark and Adjusted Värde Internal Mark are expressly defined by the Agreements executed by Plaintiff, and deposition testimony outlined above demonstrates the value of both Marks. Given Delaware's strong public policy in favor of enforcement of contracts, any evidence introduced by Plaintiff on this point would not be probative as Plaintiff is bound by the Agreements.

26.     As explained, Plaintiff's right to obtain units is derived from three Agreements he executed with Defendants.  In executing these Agreements, Plaintiff agreed to be bound by the Agreements' terms and the Board's decisions with respect to the administration of the Agreements.  This includes the meanings ascribed to Värde Internal Mark and Adjusted Värde Internal Mark.  Permitting Plaintiff to present evidence disputing these terms' would not offer any probative value, rather it would merely work to undermine clear Delaware law.

27.     Delaware law provides for "the freedom of parties in commerce to strike bargains and honors and enforces those bargains as plainly written."  *Related Westpac LLC v. JER Snowmass LLC*, 2010 WL 2929708, *6 (Del. Ch. 2010).  Only where a party makes "a strong showing that dishonoring the contract is required to vindicate a public policy interest even stronger than freedom of contract" will a Delaware Court interfere.  *Libeau v. Fox*, 880 A.2d 1049, 1056 (Del. Ch. 2005).  Other than this, where "the language of a contract is plain and unambiguous, binding effect should be given to its evident meaning."  *Majkowski v. American Imaging Management Services, LLC*, 913 A.2d 572, 581 (Del. Ch. 2006).

28.     Only where a party makes "a strong showing that dishonoring the contract is required to vindicate a public policy interest even stronger than freedom of contract" will a Delaware Court interfere.  *See Libeau*, 880 A.2d at 1056.  Plaintiff has failed to make such a showing here.  This is because there is no such policy interest that could apply.  Plaintiff is, therefore, bound by the terms of the Agreements he executed.

29.     Given the preceding, the Court should preclude Plaintiff from introducing evidence that disputes the definitions of Värde Internal Mark and Adjusted Värde Internal Mark.

## **CONCLUSION**

For the foregoing reasons, the Court should grant judgment as a matter of law for Trimont

Global Real Estate Advisors, LLC and Trimont Real Estate Advisors, LLC, on all Counts of Plaintiff's Complaint.

Dated: December 1, 2021

                        **GORDON REES**
                        **SCULLY MANSUKHANI, LLP**

By: */s/ Michael C. Heyden, Jr.*
    Michael C. Heyden, Jr. (Bar No. 5616)
    Tianna S. Bethune (Bar. No. 6138)
    1000 North West Street, Suite 1200
    Wilmington, DE 19804
    Tel: (302) 992-8954
    mheyden@grsm.com

 -and-

Chad Shultz (Pro Hac Vice)
James Fielding (Pro Hac Vice)
GORDON REES SCULLY
MANSUKHANI, LLP
55 Ivan Allen Jr. Blvd. NW, Suite 750
Atlanta, Georgia 30308
Tel: (404) 978-7305
Fax: (678) 389-8475
cshultz@grsm.com
jfielding@grsm.com

*Attorneys for Defendants Trimont Global Real Estate Advisors, LLC and Trimont Real Estate Advisors, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2021, I served the foregoing document upon the below attorney of record, via ecf:

Oderah C. Nwaeze
222 Delaware Avenue, Ste 1410
Faegre Drinker Biddle & Reath, LLP
Wilmington, Delaware 19801
*Counsel for Plaintiff Kevin Miller*

Dated: December 1, 2021

**GORDON REES
SCULLY MANSUKHANI, LLP**

By: */s/ Michael C. Heyden, Jr.*
   Michael C. Heyden, Jr. (Bar No. 5616)
   1000 North West Street, Suite 1200
   Wilmington, DE 19804
   Tel: (302) 992-8954
   mheyden@grsm.com

*Attorneys for Defendants Trimont Global Real Estate Advisors, LLC and Trimont Real Estate Advisors, LLC.*